UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GONZALES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | No. 2:15-cv-1886 AC P<br><br><br>ORDER |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 3.

　　I.　　Application to Proceed In Forma Pauperis

　　　　Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis (ECF No. 6) is granted. 28 U.S.C. § 1915(a).

　　II.　　Petition for Writ of Habeas Corpus

　　　　Petitioner appears to challenge his sentence on the grounds that there was insufficient evidence of the prior strike convictions used to support a life sentence. ECF No. 5 at 4.

1    Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f
2 it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled
3 to relief in the district court." Section 2244(d)(1) of Title 28 of the United States Code contains a
4 one-year statute of limitations for filing a habeas petition in federal court. This statute of
5 limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and
6 Effective Death Penalty Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624
7 (9th Cir. 2005). The one-year clock commences from one of several alternative triggering dates.
8 See 28 U.S.C. § 2244(d)(1). In this case the applicable date is that "on which the judgment
9 became final by the conclusion of direct review or the expiration of the time for seeking such
10 review." § 2244(d)(1)(A). However, under the AEDPA, the statute of limitations is tolled during
11 the time that a properly filed application for state post-conviction or other collateral review is
12 pending in state court. 28 U.S.C. § 2244(d)(2).

13   After reviewing the petition for habeas corpus, it appears that the petition is untimely.
14 The petition provides no information regarding the date of conviction or whether petitioner
15 exhausted his state court remedies by appealing to the California Supreme Court. ECF No. 5 at 1-
16 3. However, a review of the California Supreme Court's electronic docketing system[1] shows that
17 petitioner's most recent filing in that court was a petition for review that was dismissed and
18 remanded to the court of appeal on March 29, 2000.[2] Even if the court assumes, without
19 deciding, that petitioner exhausted his state court remedies through his last California Supreme
20 Court petition, the instant petition is clearly untimely unless petitioner is entitled to statutory or
21 equitable tolling. The petition does not indicate that petitioner properly filed an application for
22 ////
23 ////

---

[1] This court may take judicial notice of the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).
[2] See docket for California Supreme Court Case Number S075153 at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1806884&doc_no=S075153.

state post-conviction or other collateral review in state court.³  Id. at 2-3.  Thus, it does not appear that petitioner is entitled to statutory tolling.

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).  "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014).  An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted); see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

A showing of actual innocence can also satisfy the requirements for equitable tolling. Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup [v. Delo, 513 U.S. 298 (1995),]⁴ gateway and have his constitutional claims heard on the merits." Lee, 653 F.3d at 937; accord, McQuiggin, 133 S.Ct. at 1928.  To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

////

---

³ The only attachment annexed to the petition indicates that petitioner filed a "Motion for Modification of Sentence" on February 6, 2015 in the superior court.  ECF No. 5 at 7-8.  On June 24, 2015, the court dismissed the motion for lack of jurisdiction. Id.

⁴ In Schlup, the Supreme Court announced that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief.

critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Petitioner cannot pursue a claim for actual innocence without new evidence to offer for consideration.

III.     Summary

Petitioner's request to proceed in forma pauperis is granted.

Petitioner will have thirty days to explain to the court why his petition is not late. Failure to show the court that the petition is not untimely will result in the case being dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 6) is granted.

2. Within thirty days of service of this order, petitioner must show cause why the petition should not be dismissed as untimely. Failure to comply with this order will result in dismissal of the petition.

DATED: March 10, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE