UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GONZALES,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | No. 2:15-cv-1886 AC P<br><br><br><br>ORDER |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He brought this action on September 8, 2015. ECF No. 1. On March 10, 2017, after reviewing the petition (ECF No. 5), the court ordered petitioner to show cause why the petition should not be dismissed as untimely. ECF No. 8. Specifically, the court noted that although the petition does not state the date of petitioner's conviction, review of the California Supreme Court's docketing system reflects the March 2000 dismissal of a petition for review. Id. at 2.[1]

Petitioner did not comply with the show cause order within the thirty day deadline, and the court accordingly dismissed the petition on April 18, 2017. ECF No. 9.

---

[1] Attached to the federal petition is documentation of a February 2015 motion in the trial court for modification of the sentence, which was dismissed for lack of jurisdiction. ECF No. 5 at 7-8.

1

Petitioner has now filed a motion for reconsideration (ECF No. 12), contending that he did timely submit a response but that it was not processed in time by the clerk of court. Id. at 1. The court notes that an undated document was submitted by petitioner and docketed on April 20, 2017, two days after the action was dismissed. Petitioner also attached a document to his motion for reconsideration indicating that he was unable to access the law library during the period from February 20 to April 6, 2017. ECF No. 12 at 2. The court notes that petitioner's motion for reconsideration, whether grounded in Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, was filed within the twenty-eight day time limit specified by Federal Appellate Rule 4 and is therefore timely. See Classic Concepts, Inc. v. Linen Source, Inc., 716 F.3d 1282, 1285 (9th Cir. 2013).

In light of petitioner's submission of a document responsive to the OSC, which appears to have "crossed in the mail" with the court's order of dismissal, the motion for reconsideration will be granted and the April 20 filing will be considered on the merits of the timeliness question. For the reasons now explained, however, petitioner's showing fails to provide a basis for equitable tolling or otherwise establish the timeliness of the federal petition.

Petitioner has submitted a declaration from another inmate – Michael McCracken – which states that petitioner was unable to understand the procedures to file a timely appeal because he has a below average I.Q. and suffers from dyslexia. ECF No. 11. The court notes that the declaration is signed by petitioner rather than McCracken. Id. at 1. Attached to the declaration is a document purporting to show petitioner's aptitude test results from 1991. Id. at 2. The document indicates that petitioner had a "raven i.q." score of 74. Id.

To warrant equitable tolling on the basis of mental impairment, a petitioner must show that: (1) his mental impairment was so severe that he either was "unable rationally or factually to personally understand the need to timely file," or that his mental state "rendered him unable personally to prepare a habeas petition and effectuate its filing"; *and* (2) he was diligent in pursuing his claims, "but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." See Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). Petitioner has not

made the requisite showing. He has failed to establish that either his I.Q. score or his dyslexia (of which petitioner has provided no medical evidence) rendered him incapable of understanding the need for timely filing or incapable of preparing a petition. Even if the court assumes that petitioner's intellectual functioning during the relevant period (from the finality of conviction to filing of the federal petition) was consistent with the proffered I.Q. score from 1991, that would not necessarily have rendered him unable to file.

Moreover, petitioner has not shown that he was diligent in pursuing his claims during the period between his California Supreme Court filing in 2000,[2] and the filing of this case in 2015. Petitioner was informed of the diligence requirement in the Order to Show Cause, ECF No. 8 at 3, but has provided no information about the efforts he was making during the relevant period to pursue his rights, including by seeking assistance. The court notes that petitioner was ultimately able to file the instant petition without representation of counsel, and has not indicated that this filing was predicated on any recent change in his mental circumstances. For these reasons, there is no factual basis for equitable tolling and the petition will be dismissed as untimely.

The court has considered whether, in an abundance of caution, it should provide petitioner a further opportunity to develop the record regarding equitable tolling. Because it plainly appears from the petition and its attachments that petitioner would not be entitled to relief even if the claim were not time-barred, see Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, such an opportunity would be an exercise in futility.

Petitioner states a single claim for relief: that his prior "strike" finding was supported by insufficient evidence. ECF No. 5 at 4. The one-sentence statement of supporting facts, liberally construed, contends that the prosecutor did not have its evidence of the prior conviction "in hand or under subpoena" at the time the People announced they were ready for trial. Id. This fact, if true, implicates no federal constitutional right. At most, it implicates matters of criminal law and procedure that are within the scope of California law. Accordingly, petitioner's allegations

---

[2] Petitioner does not contend that there is any basis for a later conviction finality date. The 2015 superior court order that is attached to the petition provides a criminal case number of 95F07960, ECF No. 5 at 7, which indicates that the case was prosecuted in 1995.

cannot support federal habeas relief and do not state a cognizable claim. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal habeas relief is "unavailable for alleged error in the interpretation or application of state law"); see also Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding that the question whether particular prior conviction qualifies for sentence enhancement under California law is not cognizable on federal habeas corpus review).

If the court construes petitioner's claim in this court to incorporate the theories for relief presented to the superior court in 2015, see ECF No. 5 at 7-8 (Order denying Motion for Modification of Sentence, dated June 24, 2015), petitioner fares no better. The superior court summarized petitioner's challenge to the prior strike finding as follows:

> On February 6, 2015, defendant filed a "Motion for Modification of Sentence," to challenge the imposition of his "third-strike" life sentence upon him in Case No. 95F07960. He claims the prior must be entered before committing the new offense, that only one prior results when one is held to answer on two charges at a preliminary hearing, that a court cannot rely on a prior conviction to both augment sentence and provide an element of an offense, no dual use of a prior for two enhancements, and a trial court has discretion to strike a "strike prior."

ECF No. 5 at 7.

These issues involve California's statutory regime for recidivist sentencing and its implementing procedures, and do not state a federal claim for relief. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (holding that a decision to impose consecutive sentences did not warrant federal habeas relief because it was purely a matter of state criminal procedure); Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) (rejecting petitioner's arguments related to his sentencing under Idaho law and noting that "violations of state law are not cognizable on federal habeas review."). Accordingly, it is apparent from review of the petition and attached exhibits that petitioner is not entitled to relief, and the petition must be dismissed.

Finally, the court declines to issue a certificate of appealability. The standard for issuance of a certificate of appealability in a habeas proceeding demands a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). In Miller-El v. Cockrell, 537 U.S. 322 (2003) the Supreme Court explained that:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

Id. at 338. The court has considered petitioner's claims and determined that they do not meet the standard for issuing a certificate of appealability.

Based on the foregoing, it is hereby ordered as follows:

1. Petitioner's motion for reconsideration (ECF No. 12) is hereby GRANTED and the judgement dated April 18, 2017 is VACATED;
2. The Order to Show Cause (ECF No. 8) is DISCHARGED;
3. The petition is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as untimely pursuant to 28 U.S.C. § 2244(d)(1) and on the merits;
4. The Clerk is directed to close the case; and
5. The court declines to issue a certificate of appealability in this case.

DATED: June 8, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE